UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARION PATTERSON,

                      Petitioner,

v.

UNITED STATES OF AMERICA,

                      Respondent.

**MEMORANDUM AND ORDER**

19-MC-2986 (LDH)

---

LASHANN DEARCY HALL, United States District Judge:

      Petitioner Marion Patterson, proceeding pro se, brings this action to expunge and seal her criminal record in *United States v. Marion Patterson,* No. 08-CR-282 (JBW). (Pet'r Mot., ECF No. 1.) On May 7, 2008, Petitioner pleaded guilty to a one-count information charging conspiracy to commit wire fraud. (Resp't Opp'n 1, ECF No. 3; *Patterson,* No. 08-CR-282, ECF No. 4.) On April 14, 2010, Petitioner was sentenced to time served, to be followed by two years of supervised release. (*Id.*; *Patterson,* No. 08-CR-282, ECF No. 12.)

## BACKGROUND

      Petitioner is a mother to two minor children and one young adult, and is a grandmother to one child. (Pet'r Mot. 5-6.[1]) Petitioner has been working as a kickboxing instructor for the past five years and wishes to attend school to become a registered dietitian. (*Id.* 6.) She states she is "unable to be qualified for financial aid in attending school." (*Id*.) Petitioner's motion goes on to state that "since this record, life has been very challenging in navigating the employment field or even getting assistance to reach for higher education." (*Id.* 5.) She further states that "almost every time I go for an interview and a background check is completed I relive my mistake all

---

[1] Pagination refers to the page numbers assigned by the Court's ECF system.

1

over again. There have even been instances where I was even told the reason for not receiving the job was due to my criminal records." (*Id.*) She also indicates that, at the time of the letter, her home was in foreclosure. (*Id.*)

## DISCUSSION

Federal district courts do not have subject matter jurisdiction over motions to expunge or seal[2] a valid conviction record, except in limited circumstances authorized by Congress.[3] *See Doe v. United States*, 833 F.3d 192, 199 (2d Cir. 2016) (noting that "Congress has previously authorized district courts to expunge lawful convictions under certain limited circumstances not present in this case" and accordingly, "the District Court had no authority to expunge the records of a valid conviction"). To be sure, a district court has ancillary jurisdiction to expunge arrest records on equitable grounds following dismissal of a criminal case. *See id.* at 197 ("A court, sitting in a criminal prosecution, has ancillary jurisdiction to issue protective orders regarding dissemination of *arrest records*." (quoting *United States v. Schnitzer*, 567 F.2d 536, 538 (2d Cir. 1977) (emphasis added)). However, where, like here, a petitioner moves to expunge a valid conviction on equitable grounds, the district court lacks jurisdiction. *See Ruiz Rosado v. United States*, No. 02-CR-0464 (ADS), 2019 WL 1585204, at *2 (E.D.N.Y. Apr. 12, 2019) (applying *Doe* and denying petitioner's motion to expunge the records of a criminal conviction on equitable grounds); *United States v. King*, No. 14-CR-00357 (PKC), 2017 WL 4326492, at *1 (E.D.N.Y. Sept. 28, 2017) (same).

---

[2] Courts analyze motions to seal and expunge an arrest or criminal record under the same standards. *See Doe v. United States*, 833 F.3d 192, 196 n.1 & n.2 (2d Cir. 2016) (using the words "expunge," "seal" and "delete" interchangeably with respect to arrest or conviction records).

[3] Those limited exceptions include, for example, 18 U.S.C. § 3607(c), which authorizes a federal district court to enter a judgment of expungement upon the application of certain drug offenders who were less than twenty-one years old at the time of the offense. *Id.* at 197 (citing 18 U.S.C. § 3607(c)).

Here, Petitioner does not set forth any questions about the validity of her conviction. Rather, Petitioner argues that her criminal record has hindered her ability to obtain employment "that would assist better in assisting to provide for [her children]." (Pet'r Mot. at 5, EFC No. 1.) While such circumstances are regrettable, the Court does not have subject matter jurisdiction to consider such a petition.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to expunge or seal her criminal record is DENIED.

SO ORDERED.

Dated: Brooklyn, New York  　　　　　/s/ LDH  
　　　　September 30, 2020  　　　　　LaSHANN DeARCY HALL  
　　　　　　　　　　　　　　　　　　United States District Judge